RECEIVED
IN ALEXANDRIA, LA.
APR 21 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILBERT GENE GREEN<br>LA. DOC #105177<br>VS. | CIVIL ACTION NO. 09-1710<br>SECTION P<br>JUDGE DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDAITON

*Pro se* plaintiff Wilbert Gene Green, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 28, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana and he complains that he was denied prompt and adequate medical care and treatment for glaucoma and that he was denied physician order blood pressure monitoring. He sued Warden Wilkinson, Captain Davis, and Nurse Coleman and prayed for proper medical care and an unspecified amount of damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Plaintiff is an inmate in the custody of the LDOC; he is

confined at WCC. In his original complaint filed on September 28, 2009 he sued Warden Wilkinson, Captain Davis and Nurse Coleman. He alleged "Captain Patrick Davis ... denied inmate Wilbert Green['s] request to make an emergency sick call and still denied him after inmate Green told him that he was in excruciating pain and that he had glaucoma." He further alleged that "Nurse Lisa Coleman ... denied inmate Wilbert Green medical treatment after the doctor had ordered that my blood pressure be checked for four morning[s] at breakfast." [Doc. #1, ¶IV] He alleged no fault on the part of Warden Wilkinson.

On February 25, 2010 plaintiff was ordered to amend his complaint to provide additional details. [Doc. #4] On April 5, 2010 plaintiff submitted another copy of the original complaint [Doc. #5] and copies of the First Step Response dated April 8, 2009 and plaintiff's appeal dated May 7, 2009. [Doc. #5, Exhibits A, A-1, and A-2]

Plaintiff's version of the events of March 2009 are set forth in the appeal of the First Step Response to Grievance Number WNC-2009-343. Plaintiff suffers from glaucoma.[1] On some

---

[1] Glaucoma refers to a group of eye conditions that lead to damage to the optic nerve, the nerve that carries visual information from the eye to the brain. In many cases, damage to the optic nerve is due to increased pressure in the eye, also known as intraocular pressure (IOP).

2

evening in March 2009 he approached Captain Davis and complained that he was experiencing excruciating pain in his left eye. He requested a "medical emergency." Davis, however, refused his request and advised plaintiff that there were only two nurses at the prison at that time and both were dispensing medication at "pill call." Plaintiff contends that Davis should have advised those nurses of the nature of plaintiff's emergency and let them decide whether an emergency sick call was in order.

Later on, plaintiff was examined by a Dr. Pacheco who advised plaintiff that his "glaucoma had flared up." Pacheco ordered that plaintiff have his blood-pressure monitored for four consecutive days at breakfast time.

On March 14, 2009 plaintiff went to the medical department at 8:00 a.m. for a blood pressure check. Plaintiff concedes that he arrived "kind of late" because of the inmate count. However, upon his arrival, "Nurse Coleman flatly refused to do what the doctor had ordered..." and "... told me that they don't do blood pressure checks in the morning." She continued to refuse even after plaintiff told her that he had doctor's orders for the test. Plaintiff left the medical department and encountered Lt.

---

See Medline Plus, Medical Encyclopedia, a Service of the U.S. National Library of Medicine and the National Institutes of Health on-line at http://www.nlm.nih.gov/medlineplus/encyclopedia.html

3

Vernon. He asked Lt. Vernon for assistance and Vernon escorted him back to the medical department. Nurse Coleman again refused to provide assistance. However, Nurse DeSoto, who had just arrived for her shift, took plaintiff's blood pressure that morning.[2]

## Law and Analysis

### 1. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A;

---

[2] The First Step Response took issue with plaintiff's version. According to the response, "Nurse Coleman did not deny you medical treatment when you arrived at the infirmary for Blood Pressure check well after you were instructed to. You did not come to the infirmary at breakfast as pass clearly indicated. Nurse Coleman was attending to another patient, therefore she could not check your blood pressure at that time. Nurse Coleman did not refuse you medical attention, she simply refused to abandon one patient to attend to a non-emergency situation. She did not observe you exit the infirmary; however, upon finishing with the patient she was seeing, Nurse Coleman observed you exit exam Room #2 with Nurse DeSoto. Your medical records clearly state that on March 14, 2009 at 8:40 a.m. your blood pressure was taken by Nurse De Soto.

Additionally, Shift Supervisor Davis states that at no time did he deny you a medical emergency. He also stated that because there are only two nurses on the night shift and both of them leave the infirmary during chow to conduct pill call, inmates are not allowed to go to the infirmary unless the nurses also give permission for the inmate to go and wait for them." [Doc. #5, Exhibit A]

28 U.S.C. §1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with

specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

Petitioner's original complaint provided scant factual support for his claims. He was afforded an opportunity to amend and he was instructed to provide more specific factual allegations in support of his claim for relief. His amended complaint provided the additional information. Plaintiff need not be afforded any additional opportunities to amend. His factual allegations have been considered as true for the purposes of this Report, nevertheless, it is manifestly clear that his claims are frivolous.

## 2. Medical Care

Plaintiff faults the defendants for failing to provide prompt and appropriate medical care on two occasions, first, on the March evening when Captain Davis refused his "medical emergency;" and second, on the morning of March 14, 2010 when

Nurse Coleman refused to take his blood pressure.

To state a cause of action for inadequate medical care, a prisoner needs to show deliberate indifference to a serious medical need, which constitutes the unnecessary and wanton infliction of pain that is proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In both instances alleged, plaintiff concedes that he was ultimately afforded medical care. Although it is unclear when the incident with Captain Davis occurred, it is clear from the pleadings that plaintiff was ultimately examined and treated by Dr. Pacheco. Further, with regard to the incident of March 14, it is clear that plaintiff obtained a blood pressure reading within 40 minutes of the time he first arrived at the infirmary.

A delay in medical care can only amount to an Eighth Amendment violation if there has been a deliberate indifference, resulting in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993) (emphasis supplied). Plaintiff was specifically directed to provide "a description of the alleged injury sustained as a result of the alleged violation" [Doc. #4, p. 2] However, his amended complaint provides no allegation of

7

injury sustained as a result of the delay in seeing Dr. Pacheco or the 40 minute delay in obtaining a blood pressure reading. Since plaintiff has not shown that the delay in providing care resulted in substantial harm (or any harm at all) he cannot show deliberate indifference and his complaint must be dismissed as frivolous.

Further, accepting plaintiff's allegations as true, he has, at worst, alleged negligence on the part of the defendants, or mere disagreement with diagnosis and treatment and therefore he cannot prevail. A complaint alleging negligence in diagnosis or treatment does not state a constitutional claim. See <u>Stewart v. Murphy</u>, 174 F.3d 530, 534 (5th Cir.1999). A plaintiff's disagreement with diagnosis or treatment likewise does not establish deliberate indifference. See <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir.1991); <u>Johnson v. Treen</u>, 759 F.2d 1236, 1238 (5th Cir.1985). Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana

April 21, 2010.
~~2010~~

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

9